UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JAMIE L. WILDEN, et al.,                                                               Plaintiffs

v.                                                   Case No. 3:13-cv-784-DJH-CHL

LAURY TRANSPORTATION, LLC, et al.,                           Defendants

## Memorandum Opinion and Order

Before the Court is a motion to compel filed by Richard M. Breen, G. Adam Redden, and the Richard Breen Law Offices, P.S.C., (together, "Breen"). (DN 202.) Jamie L. Wilden, as legal guardian of Janice Wilden, and Jacob Yeager, as legal guardian of V.Y., (together, the "Plaintiffs") oppose the motion. (DN 204.) The Court will grant Breen's motion to compel.

## Background

The procedural history of this case is complicated. The Court will detail only what is necessary for understanding the parties' discovery dispute.

On June 24, 2013, Janice Wilden and her child, V.Y., were involved in a car wreck with a Great Dane trailer. (DN 182, #3651.) Janice Wilden was severely injured, and V.Y.'s injuries are unknown. (*Id.*)

On June 27, 2013, Tanya Wilden[1] retained Breen to represent her daughter, Janice. (DN 204-2.) That same day, Jacob Yeager retained Breen to represent his child, V. Y. (DN 204-3.) The Plaintiffs agreed to pay Breen one third of any recovery. (DNs 204-2 & 204-3.)

In early July 2013,[2] Tanya Wilden fired Breen. (DN 204-4.)

---

[1] Later, Jamie L. Wilden became Janice Wilden's legal guardian. (DN 182, #3651 n.2.)
[2] The Plaintiffs say that Tanya Wilden verbally discharged Breen on July 1, 2013, before Breen filed the complaint in Jefferson Circuit Court on July 5. (DN 204-1, #3797.) Then, in a letter dated July 5, Tanya Wilden again terminated Breen. (DN 204-4, #3817.) Wilden faxed that letter to Breen on July 8. (*Id.*, #3814.) Breen did not dispute these dates in the reply. (*See* DN 207.)

On July 5, 2013, Breen filed a complaint in Jefferson Circuit Court. (DN 204-5.) On July 9, Breen amended the complaint, and Breen amended again on July 19. (DNs 204-6 & 204-7.)

Jacob Yeager fired Breen in a letter dated August 13, 2013. (DN 208-8.) Jacob Yeager wrote, "I strongly feel that your representation for me, my son [V.Y.] and Janice Wilden has been misleading to me and that my lack of knowledge for the legal system has been taken advantage of by you and your office." (DN 208-8 (brackets added).)

On August 13, 2013, the case was removed to this Court. (DN 1.) On August 29, 2013, Breen filed a notice of an attorney lien. (DN 9.) On September 3, 2013, the Court entered an order substituting Allen Gruner for Breen as the Plaintiffs' attorney in this action. (DN 10.)

The case progressed. In August 2015, the Plaintiffs settled with Defendants Dwight Weisner, Victory Road Transportation, LLC, and Laury Transportation, Inc. (*See* DN 92; *see also*, *Progressive Southeastern Ins. Co. v. Victory Road Transp., LLC*, 3:15-cv-107-DJH-CHL.) The Plaintiffs also dismissed claims against Defendant Piggyback Leasing, Inc. (*See id.*) The remaining defendant, Great Dane Limited Partnership, prevailed on summary judgment. (DN 182.) The Court dismissed the action. (DN 183.)

On October 12, 2016, the Court reinstated this case for the limited purpose of adjudicating the attorney lien asserted by Breen. (DN 192.) Breen seeks to recover a fee in the amount of $291,666.66 and costs of $4,112.75. (DN 101.) Now, Breen moves to compel the Plaintiffs to produce documents in response to Breen's Requests for Production. (DN 202-1, #3783 – 84.)[3] Breen also moves to compel the Plaintiffs to sign their Responses to Breen's Interrogatories. (*Id.*, #3789 – 90.)

---

[3] In a letter sent by Breen to the Plaintiffs, Breen took issue with Plaintiffs' Responses to Interrogatories 2, 9, 12, and 23. (*See* DN 133-2.) However, Breen's memorandum in support of

## Legal Standards

Rule 26 governs the scope of discovery. It says:

**Rule 26. Duty to Disclose; General Provisions Governing Discovery**

   **(b) Discovery Scope and Limits.**
       **(1)** *Scope in General*. Unless otherwise limited by court order, the scope of discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Information is discoverable under revised Rule 26(b)(1) if it is relevant to any party's claim or defense and is proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

Rule 33 governs interrogatories. It says:

**Rule 33. Interrogatories to Parties**

   **(b) Answers and Objections.**
       **(1)** *Responding Party*. The interrogatories must be answered:
           **(A)** by the party to whom they are directed; …
       **(2)** *Time to Respond*. The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. …
       **(5)** *Signature.* The person who makes the answers must sign them, and the attorney who objects must sign any objections.

Fed. R. Civ. P. 33(b). Answers to interrogatories must be signed by the party answering them.

*See Continuum Care Corp. v. Reliance Healthcare Mgt.*, 211 F.3d 1268, *2 (6th Cir. 2000)

---

the motion to compel discusses only the Plaintiffs' Responses to Requests for Production 3, 7, 8, 9, 10, and 11. (DN 202-1, #3783 – 84.) The brief does not take issue with the substance of the Plaintiffs' Responses to the Interrogatories, much less argue that they are deficient. Instead, Breen's argument regarding the Responses to the Interrogatories focuses solely on the fact that the Plaintiffs did not sign them. (*Id.*, #3789 – 90.) Moreover, the substance of Breen's brief makes clear that what Breen wants is the Plaintiffs' successor counsel's file. The Court will not address whether the Plaintiffs' responses to Breen's interrogatories are deficient because Breen did not brief that issue.

(unpublished table decision) ("Moreover, defendants failed to comply with Fed.R.Civ.P. 33(b)(2) as the answers were signed only by counsel rather than by the parties themselves.").

## Analysis

### I

Breen moves to compel responses to Requests for Production 3, 7, 8, 9, 10, and 11. (DN 202-1, #3783 – 84.) Those requests and responses say:

> 3. All copies of any correspondence and emails between you, Jamie Wilden, Tanya Wilden, Janice Wilden, Jacob Yeager, Clarence Beauford [and] any other party to this action.
>
> RESPONSE: Objection – Irrelevant to Breen's alleged [attorney's] lien. Without waiving said objection, please see attached emails which precede Breen's discharge from this case. …
>
> 7. A copy of all fee agreement(s) with Allen Gruner, Ronald Hillerich, Paul F. Ferguson, Jr. [and] Ryan M. Schaper and all fee division agreements between same.
>
> RESPONSE: Objection – Irrelevant as to Breen's alleged claim for attorney fee.
>
> 8. A complete and entire copy of your file and all documentation of work performed by you in reaching any settlements.
>
> RESPONSE: Objection – Unduly burdensome and overbroad and irrelevant to Breen's claim for attorney fee which must be based on the work that he performed and not the work performed by Ronald P. Hillerich, Allen Gruner, Paul Ferguson and Ryan Schaper.
>
> 9. Without limitation of the foregoing, any correspondence, including emails, memos to the file or any other documents or any kind or character by and between you and insurance adjusters, insurance company representatives, counsel for Defendants or potential Defendants in the pending personal injury litigation regarding the settlement of any such claims.
>
> RESPONSE: Objection – Irrelevant as to Breen's claim of $308,333.33 as he must justify this alleged amount based on the work that he performed and not work performed by Ronald P. Hillerich, Allen Gruner, Paul Ferguson and Ryan Schaper.
>
> 10. Without limitation of the foregoing, copies of all correspondence and emails reflecting the seeking and obtaining of any medical records, medical bills,

4

photographs, video tapes, audio tapes, diagrams, or any other visual representations, regarding any claims for damages and liability on behalf of the Plaintiffs in the personal injury litigation.

RESPONSE: Please see Answer to Interrogatory Number 9.

11. All documentation of costs and expenses incurred by you in reaching any settlements.

RESPONSE: Objection – Irrelevant as to Breen's alleged claim for attorney fee.

(DN 133-1, #1412 – 14.) In sum, these requests seek documentation from Plaintiffs' current counsel regarding the work they performed in this matter. The Court will refer to the documents Breen seeks as the "successor counsel's file." Breen argues that proving the amount of Breen's quantum meruit claim requires comparing the Breen's work with the successor counsel's work, and the successor counsel's file is relevant to that inquiry. (DN 292-1, # 3786.)

The Plaintiffs respond that Breen can only recover in quantum meruit for services Breen provided. (DN 204-1, #3801 – 03.) Thus, they argue, "The work performed by Plaintiff[s'] current counsel is simply immaterial, irrelevant and has absolutely nothing to do with the quantum meruit value of whatever work Breen allegedly performed for Plaintiffs." (*Id.*, #3803 (brackets added).)

The Plaintiffs do not argue that the attorney-client privilege or the work-product doctrine protects the successor counsel's file from disclosure. Although they objected to responding to Request Number 8 as "unduly burdensome and overbroad," they did not make this argument regarding Request Number 8 or any of the other requests in their brief. In other words, the Plaintiffs did not argue that producing the successor counsel's file would be unduly burdensome or disproportionate to the needs of the case, nor did they argue that the successor counsel's file is privileged. *See* Fed. R. Civ. P. 26(b)(1).

Both parties cite the Kentucky Supreme Court's opinion in *Baker v. Shapero*. In that case, the Kentucky Supreme Court held "that when an attorney employed under a contingency fee contract is discharged without cause before completion of the contract, he or she is entitled to fee recovery on a quantum meruit basis only, and not on the terms of the contract." 203 S.W.3d 697, 699 (Ky. 2006).

The Plaintiffs interpret *Baker* as allowing Breen to recover only for Breen's work, and say that the work of the Plaintiffs' successor counsel is irrelevant to that determination. (DN 204-1, #3804.) Breen agrees that *Baker* means that the successor attorney retains the contract fee, and the discharged attorney may only recover in quantum meruit. (DN 202-1, #3786.) Still, Breen argues, "What the second attorneys did, or did not do, is necessary in determining the reasonableness of the activities of the first set of attorneys." (*Id.*, #3789.) Breen offers a hypothetical:

> Quite simply, whether the Plaintiffs' successor counsel had to make three telephone calls to settle the case after the first set of attorneys were terminated, or whether successor counsel had to aggressively litigate the matter in contested proceedings over three years, is a highly relevant and material area of inquiry in determining the reasonable value of what the first set of attorneys did in the representation of the Plaintiffs.

(*Id.*, #3782.)

Although both Breen and the Plaintiffs rely on *Baker*, *Baker* does not speak to the issue here: whether the successor counsel's file is discoverable to a discharged attorney who seeks to prove a quantum meruit claim. The parties do not cite any case law discussing whether the successor counsel's file is discoverable.

Breen cites *In Re McInerney*. (*Id.*, #3787.) In that case, the Bankruptcy Court for the Eastern District of Michigan compared the efforts of a discharged firm with the efforts of a successor firm in its quantum meruit analysis. *See In Re McInerney*, 528 B.R. 684, 694 – 95

6

(E.D. Mich. 2014). However, *In Re McInerney* provides limited value here because of its reliance on Michigan law. *See id.* at 693 – 95 (discussing *Island Lake Arbors Condominium Assn. v. Meisner & Associates, P.C.*, 837 N.W.2d 439 (Mich. Ct. App. 2013)).

Neither party cites the unpublished opinion of the Kentucky Court of Appeals in *Getty Law Group, PLLC v. Bowles Rice McDavid Graff & Love, PLLC*, 2012 WL 6061732 (Ky. Ct. App. 2012). In that case, the Kentucky Court of Appeals said:

> In determining the share of recovery from a judgment or settlement as between a discharged and successor attorney for the *quantum meruit* value of their services, courts in other jurisdictions have considered numerous factors, including the nature and extent of the services rendered by the discharged attorney within the scope of the contingency-fee contract; **the nature and extent of the services rendered by the second attorney; the training, knowledge, experience and reputation of each attorney**, and the benefit to the client.

*Id.* at *5 (italics in original; bold added). In that case, the two clients followed their attorney, Richard Getti, to his new firm, and the cases settled. *See id.* at *1. Getti's old firm sued the new firm in quantum meruit for the work the old firm had done before Getti left. *Id.* The court of appeals found no abuse of discretion in the trial court's holding that the old firm's billable hours and rates submitted represented the quantum meruit value of their services. *Id.* at *3. The court of appeals affirmed the trial court's decision, noting its approval that the trial court compared the experience of each attorney in making its decision. *Id.* at *5.

The Court finds *Getti Law Group* persuasive here. *Getti Law Group* suggests that under Kentucky law, a trial court conducting a *quantum meruit* analysis considers numerous factors beyond the number of hours the discharged attorney put in to the case. In certain circumstances, the nature and extent of the work performed by successor counsel may shed light on the value of the work performed by discharged counsel. The comparative training, knowledge, experience, and reputation of the discharged attorney and the successor attorney may also be relevant.

7

Two hypothetical scenarios underscore how the successor counsel's file may be relevant to a discharged attorney's quantum meruit claim. In one scenario, a discharged attorney makes one phone call on a client's behalf before the client fires the attorney. Three years later, after costly and contentious litigation, successor counsel settles the case on the client's behalf for a seven-figure sum. In a second scenario, a discharged attorney works diligently for three years pursuing a settlement before being fired. The next day, the client hires a new attorney, and the new attorney negotiates a seven-figure settlement with opposing counsel by making a single phone call. In both scenarios, a comparison between the discharged attorney's work and the successor attorney's work is pertinent to determining the reasonable value of the discharged attorney's work. Comparing the two files, along with other evidence, may illuminate whether the discharged attorney's work was reasonable and what the reasonable value of that work is.

This ruling does not presuppose that the relative value of the work of the two attorneys will be at opposite poles, as illustrated by the above hypothetical scenarios. A comparison of the two may ultimately shed much or little light on the quantum meruit analysis. However, the only way to know is to allow discovery of the successor attorney's file. Accordingly, absent a claim of privilege, the successor counsel's file is relevant to Breen's claim of an attorney lien. Therefore, Plaintiffs' successor counsel's file is discoverable under Rule 26(b)(1). The Court will grant Breen's motion to compel.

Breen did not ask the Court to order Plaintiffs to pay its expenses incurred in filing the motion to compel. *See* Fed. R. Civ. P. 37(a)(5)(A). The Court finds that an award of expenses would be unjust because the parties did not brief the issue. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).

## II

The Plaintiffs concede that their attorneys, not the Plaintiffs, signed the answers to interrogatories. (DN 204-1, #3808.) They argue, "if this Court determines that the parties

should also sign the interrogatories even though they did not provide the answers that is not a problem but counsel was simply trying to comply with the spirit of the Rule that demands that whoever provides the information should sign the interrogatories." (*Id.*)

The Plaintiffs did not cite a case that would support their argument regarding the "spirit of the Rule." Rule 33 plainly requires *parties* to sign their responses to interrogatories. The Court finds that the Plaintiffs' responses to the interrogatories were deficient because the Plaintiffs did not sign them.

Accordingly, the Court will order the Plaintiffs to verify the responses to the interrogatories in accordance with Rule 33.

## Order

The Court **GRANTS** Breen's motion to compel (DN 202).

The Plaintiffs **shall respond** to Requests for Production 3, 7, 8, 9, 10, and 11 within thirty days of the entry of this Order.

The Plaintiffs **shall verify** their responses to interrogatories in accordance with Rule 33 within fourteen days of the entry of this Order.